UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMINUR RAHMAN,

        *Plaintiff*,

  -*against*-

CHRISTOPHER SHANAHAN, New York Field Office Director for the Office of Detention and Removal for U.S. Immigration and Customs Enforcement, *et al*.

        *Defendants*.

-------------------------------------------------------------X

15 Civ. 3406 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Aminur Rahman is a citizen of Bangladesh who entered the United States on June 28, 1991 as a legal permanent resident. On October 2, 2007, Rahman pleaded guilty in New York Supreme Court (Queens) to robbery in the third degree and bail jumping in the second degree, in violation of N.Y. Pen. Laws §§ 160.05 and 215.56. He was sentenced to 18 months' imprisonment, but was released in December 2007. Six-and-a-half years after his release, the Government commenced removal proceedings against Rahman on July 3, 2014. Since then, Rahman has been detained in Orange County Correctional Facility pursuant to the Immigration and Nationality Act's mandatory detention provision at 8 U.S.C. § 1226(c).

On April 30, 2015, Rahman initiated this *habeas* action under 28 U.S.C. § 2241, seeking among other remedies an individualized bond hearing to establish whether continued detention is justified. Rahman argues that his continued detention violates his due process rights under the Fifth Amendment of the Constitution of the United States.

1

On October 28, 2015, the Second Circuit Court of Appeals decided *Lora v. Shanahan*, No. 14-2343-pr, slip op. (2d Cir. 2015). The court held that "in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." *Id.* at 24. At that hearing, the court held, "the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or danger to the community." *Id.*

Since Rahman has been detained for more than 15 months, his request for a bond hearing before an immigration judge is GRANTED. The immigration judge is directed to provide Rahman with an individualized bond hearing in accordance with the procedures described by the Second Circuit or else release Rahman. The Government is ordered to file a letter with the Court within thirty days of this Order confirming compliance. The Clerk of Court is directed to enter judgment and close 15 cv 3406.

Dated: New York, New York          SO ORDERED
      November 2, 2015

                                                PAUL A. CROTTY
                                                United States District Judge